Filed 10/9/20  P. v. Verdugo CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B301254 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA456152) |
| v. | |
| DAVID VERDUGO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura Priver, Judge.  Affirmed.

Brian C. McComas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

————————————————

## INTRODUCTION

Defendant David Verdugo appeals his conviction for arson of an inhabited structure following a jury trial. Appointed counsel on appeal filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

## FACTS AND PROCEDURAL BACKGROUND

On November 8, 2016, the Los Angeles County Fire Department responded to a fire at defendant's apartment. Neighbors did not see or hear anything unusual before the fire. The fire was put out in five minutes and fire fighters were at the scene for less than two hours.

Defendant was found outside the apartment injured from having jumped through his first-floor bedroom window to escape (the window was elevated above ground level). He mentioned something about being doused in gasoline by unknown assailants. His forehead was scraped but his clothes and hair were not burned or singed. Inside the apartment, there were no signs of an electrical fire or use of an accelerant. Burned paper appeared to be the source of the heavy charring in the closet. A broken window had channeled out the smoke. The firefighters were suspicious of the fire and called an arson investigator.

The arson investigator identified four points of possible origin. A fire was started separately at each location by an open flame. The first point was a flame-retardant blanket hanging in a window that had burned itself out. The second was a hotplate that had burned some materials placed on the heated grill. The third was the foot of a love seat that did not continue to burn. Finally, the bedroom closet was the fourth point and was most affected by fire.

The arson investigator spoke with defendant at the hospital. Defendant told the investigator that he was alone in his apartment, when two men broke inside, bound him, and

2

demanded money.  He stated the men blindfolded him, poured gas on him, and lighted him on fire.  Defendant was able to break free of his bindings and jumped out his bedroom window to escape the flames.  Defendant was still wearing his clothes but didn't smell of gas; there was no indication he was doused with gasoline or that fire had burned his clothing.  The evidence of fire was not consistent with defendant's story.

On November 13, 2018, the People filed an information charging defendant with arson of an inhabited structure in violation of Penal Code section 451, subdivision (b).  On March 13, 2019, the court denied defendant's request to be placed in a diversion program.  On June 4, 2019, trial commenced.  On June 11, 2019, the jury found defendant guilty.  On August 8, 2019, the trial court sentenced defendant to three years in prison.  The court imposed a $300 victim restitution fine, a $40 court security fee, a $30 criminal surcharge fee, and a $300 parole revocation fine, which was stayed unless parole was revoked.  Defendant timely appealed on August 26, 2019.  A victim restitution hearing was set for October 10, 2019, but at the request of the People, was taken off calendar.  It was never reset.

On March 25, 2020, defense counsel submitted a letter to the superior court pursuant requesting to stay the fines and fees for inability to pay.  On April 2, 2020, the trial court issued a minute order staying the fines and fees, on the condition that a portion of the wages defendant earns in prison (if any) are payable toward the fines and fees.  The court stated that any remaining fines and fees will be permanently stayed upon defendant's release from prison.

On June 29, 2020, defendant's appointed counsel filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436, in which no issues were raised.  The brief included a declaration from counsel that he reviewed the record and sent defendant a letter advising him

3

that such a brief would be filed and that he could file a supplemental brief if he chose to.  On June 29, 2020, this court sent defendant a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief raising any issues he wanted us to consider.  Defendant filed a supplemental brief on August 18, 2020.

## DISCUSSION

Defendant asserts he was not advised of his *Miranda* rights when he was taken to the police station.  We observe that there was no evidence introduced about statements defendant made post-detention or post-arrest.  Defendant also claims he had ineffective assistance of counsel and that his counsel did not do enough to get him into a diversion program.  The record does not reveal ineffective assistance of counsel.  The trial court denied defendant diversion because he posed a safety risk to others in the program, which would have required him to live in a group setting.

Defendant also questions why his crime was considered "violent" when it had no victims because the neighbors were at work.  Defendant was convicted of arson of an inhabited structure and received a statutorily authorized sentence for his crime.  Under the statutory scheme, " 'Inhabited' means currently being used for dwelling purposes whether occupied or not." (Pen. Code, § 450.)  At trial, the landlord testified that all four units in the apartment building were rented and lived in by tenants at the time of the fire.

Lastly, defendant claims he was arrested without probable cause.  Prior to any arrest, the forensic evidence indicated that defendant intentionally set fire to four locations in his apartment and provided an implausible explanation for the fire (being bound, threatened, and set on fire by unknown assailants).  There was ample probable cause for defendant's arrest.  (*People*

*v. Hurtado* (2002) 28 Cal.4th 1179, 1188 [Probable cause "refers to 'a state of facts as would lead a man of ordinary caution and prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused.' "].)

We have examined the entire record and are satisfied that defendant's attorney fully complied with his responsibilities and that no arguable issues exist, and no colorable issues were presented in defendant's supplemental brief. (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436.)

## DISPOSITION

We affirm the judgment.


RUBIN, P. J.

WE CONCUR:


BAKER, J.


MOOR, J.